UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) Case No. 1:10-cv-05642-DLC |
| Plaintiff, | ) (ECF Case) ) ) CLASS ACTION |
| v. | ) ) |
| CONTINENTAL GUEST SERVICES CORPORATION | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) ) ) |

**CLASS ACTION COMPLAINT**

Comes now Valene Reed, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

**INTRODUCTION**

1. In 2003, Congress passed, and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendant (defined below) had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4. On June 3, 2008, House Bill HR 4008 (known as the so-called Credit and Debit Card Receipt Clarification Act of 2007, Pub.L. 110-241, §3(a), June 3, 2008, 122 Stat. 1566) (hereafter "Clarification Act") was signed into law by the President.

5. Specifically, Section 3(a) of the Clarification Act states, in relevant part:

> [F]or purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and the date of enactment of this subsection but otherwise complied with the requirements of Section 605(g) for such receipt shall not be in willful noncompliance with Section 605(g) by reason of printing such expiration date on the receipt.

6. Thus, the Clarification Act provided amnesty to those businesses which had been sued for violations of FACTA's prohibition against the printing of expiration dates on electronically printed receipts *between* December 4, 2004 and June 3, 2008. However, the Clarification Act is inapplicable to any merchant that accepts payment by credit and debit cards and who violates the law by printing expiration dates *from June 4, 2008 forward*.

7. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq*.

8.     Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq*.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which Defendant resides.

## PARTIES

11.    Plaintiff, Valene Reed, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania.

12.    Defendant Continental Guest Services Corporation ("Continental") is a corporation headquartered at 1501 Broadway, Suite 1814, New York, New York.  Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## INDUSTRY KNOWLEDGE REGARDING THE TRUNCATION OF EXPIRATION DATES

13.    In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft.  A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

14.    On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's new account truncation program to protect consumers from identity theft.  At the press conference, Mr. Pascarella stated:

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. ***The card's expiration date will be eliminated from receipts altogether*** . . . .
>
> "The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to the groundwork that we began together several years ago.
>
> \*   \*   \*   \*
>
> "Visa USA is pleased to be working with Senator Feinstein, and the other senators here today in the fight to protect consumers from identity theft. After all, we share the same goals."

On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the truncation requirements of what ultimately became FACTA. Therein, Mr. Fischer stated:

> "Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number *or the expiration date* upon receipts provided to cardholders at the point of sale . . . ."

15.    Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules Manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

> "Visa requires that all new electronic POS terminals provide account

> number truncation on transaction receipts.  This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.
>
> After July 1, 2006, *the expiration date should not appear at all.*  Existing POS terminals must comply with these requirements by July 1, 2006 . . . . "

16. The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

17. In fact, Visa and Mastercard impose FACTA card number and card expiration number truncation requirements in their agreements with merchants, including Defendant, by imposing monetary penalties on merchants for noncompliance.  For example, under these Visa and Mastercard requirements, the first violation by a merchant results in a $5,000 penalty, and the fourth violation results in a $50,000 penalty.  Where Visa or Mastercard find a willful or egregious violation, the penalty can be as high as $500,000.

18. The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible, *inter alia*, for monitoring financial institution compliance with FACTA.  Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution.  The February 2006 Edition of the Handbook states, in relevant part:

> **Truncation of Credit and Debit Card Account Numbers**
>
> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number *and do not contain the expiration dates*.

19. FACTA's requirement that merchants truncate credit and debit card expiration dates was phased in over a three year period.  During the three year phase-in period, there was extensive publicity regarding the law's requirements.

20.     Many restaurant and retail trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

21.     Merchants, including Defendant, were notified by Visa, Mastercard and other companies in the payment card industry of the above information concerning FACTA and, specifically, that FACTA prohibited the printing of more than the last five digits of the card number, and also prohibited the printing of the card expiration date, on point of sale receipts electronically printed by the merchants, and that the merchants, including Defendant, were required to comply with FACTA.

22.     In May 2007, the FTC provided guidance to United States businesses, via a published business alert, that "[a]ccording to [FACTA], the electronically printed credit and debit card receipts you give your customers must shorten-or truncate-the account information. You may include no more than the last five digits of the card number, *and you must delete the card's expiration date*." FTC Business Alert, May 2007 (http://www.ftc.gov/bcp/edu/pubs/business/alerts/alt007.shtm) (emphasis supplied).

## DEFENDANT'S KNOWLEDGE OF FACTA'S TRUNCATION REQUIREMENTS

23.     Defendant had actual knowledge of Visa's truncation requirements, specifically including the requirement that credit and debit card expiration dates be truncated on receipts presented to consumers at the point of sale.

24.     Defendant had actual knowledge of FACTA's truncation requirements, specifically including the requirement that credit and debit card expiration dates be truncated on receipts presented to consumers at the point of sale.

25.     Despite having knowledge and direct notice of FACTA's truncation requirements, as well as the truncation requirements of participants in the payment card industry such as Visa and Mastercard, Defendant chose to ignore such notice, and Defendant disregarded FACTA's provisions and continued to provide to the Plaintiff, and to those other consumers similarly situated, electronically printed receipts which contained more than the last five digits of the card account number and/or the card expiration date, despite such action being prohibited by FACTA.

26.     Defendant's acts and omissions as alleged herein were not isolated incidents or accidental oversights.  Rather, Defendant, despite having actual and constructive knowledge of FACTA and its requirements, chose to ignore FACTA's requirement that sensitive account information, including card expiration dates, be truncated on electronically printed receipts provided to customers at the point of sale.

## **CLASS ALLEGATIONS**

27.     Plaintiff brings this class action on behalf of himself and all other consumers similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

28.     Many federal courts have certified classes in cases seeking statutory damages for violations of FACTA as alleged herein.  *See*, *e.g., Hammer v. JP's Southwestern Foods, LLC,* No. 08-0339-CV-W-FJG, 2010 WL 1006235, at *1 (W.D. Mo. Mar. 16, 2010) (Gaitan, J.) (certifying FACTA class); *Miller-Huggins v. Mario's Butcher Shop, Inc.,* 2010 U.S. Dist. LEXIS 16493 (N.D. Ill. Feb. 22, 2010) (granting motion to certify FACTA class); *Meehan v. Buffalo Wild Wings, Inc.*, No. 07-C-4562, 2008 WL 548767 (N.D. Ill. Feb. 26, 2008) (granting motion to certify FACTA class seeking statutory damages); *Halperin v. Interpark Inc.*, No. 07-C-2161, 2007 WL 4219419 (N.D. Ill. Nov. 29, 2007) (certifying FACTA class); *Medrano v. WCG Holdings, Inc.*, No. SACV 07-0506 JVS (RNBx), 2007 WL 4922525 (C.D. Cal. Oct. 26, 2007)

(certifying FACTA class); *Redmon v. Uncle Julio's of Illinois, Inc.*, No. 07-C-2350, 2007 WL 656075 (N.D. Ill. March 7, 2008) (certifying FACTA class); *Troy v. The Red Lantern Inn, Inc.*, No. 07-C-2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007) (certifying FACTA class); *Cicilline v. Jewel Food Stores, Inc.* No. 07-CV-2333, 2008 WL 895682 (N.D. Ill. March 31, 2008) (certifying FACTA class); *Reynoso v. South County Concepts, Inc.*, No. SACV 07-373 JVS (RCx) (C.D. Cal. Oct. 26, 2007) (granting motion to certify FACTA class seeking statutory damages).

29. Plaintiff seeks to represent a class of persons to be defined as follows:

> All consumers to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, on which Defendant printed the expiration date of the consumer's credit card. [1]

30. <u>Numerosity:</u>  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

31. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

32. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

33. Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website

---

[1] The class definition may be further refined as appropriate following discovery.

notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

34. <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

35. Plaintiff and members of the class were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of the class, Defendant provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. §1681c(g).

36. <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

37. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a. Whether Defendant's conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;

    b. Whether Defendant's conduct was willful;

    c. Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

40. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

41. <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

42. **<u>Disavowal of Unconstitutional Damages</u>**.  To the extent that any award of class-based statutory damages against Defendant might be adjudicated as violating Defendant's Due Process Rights under the United States Constitution, Plaintiff, on behalf of the putative class he

is seeking to represent, expressly requests damages **only** to the fullest extent allowed under the Constitution of the United States.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§1681 *et seq*.

### (On Behalf of Plaintiff and the Members of the Class)

43. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff asserts this claim on behalf of himself and the class against Defendant.

45. Title 15 U.S.C. §1681c(g)(1) provides that:

…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

46. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

47. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

48. Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with consumers such as Plaintiff and the members of the class. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

49. On May 24, 2010, after the effective date of the statute, Defendant, at their business location located at the Garden Inn Hilton at 790 8th Avenue, New York, NY, 10019, provided Plaintiff with an electronically printed receipt on which Defendant printed the expiration date of Plaintiff's credit or debit card.

50. Defendant, at the point of a sale or transaction with members of the class, provided, either: a) through use of a machine that was first put into use on or after January 1, 2005, at any time after such date; or b) through any machine at any time after December 4, 2006, each member of the class with one or more electronically printed receipts on each of which Defendant printed, for each respective class member, more than the last five digits of such class member's credit card or debit card number and/or printed the expiration date of such class member's credit or debit card.

51. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

52. Defendant knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

53. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendant willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the

expiration date upon the receipts provided to members of the class – consumers with whom Defendant transacts business.

54. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

55. In contrast, Defendant willfully disregarded FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation of FACTA.

56. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

57. As a result of Defendant's FACTA violations, Plaintiff and those other consumers similarly situated were exposed to an increased risk of identity theft. Plaintiffs, and those other consumers similarly situated, have suffered costs and expenses as well as actual damages and would be entitled to pursue actual damages under 15 U.S.C. 1681, as well as statutory damages under 15 U.S.C. 1681n(a)(1)(A) in an amount of not less than $100 and not more than $1,000 for each violation, punitive damages as a result of Defendant's willful FACTA violations, and reasonable attorney's fees and costs. However, Plaintiff does not seek to quantify or recover actual damages in this case, for either himself or other Class Members, as actual damages would be too difficult to quantify. As a result, Plaintiff and all other similarly situated consumers demand an award of statutory damages resulting from the violations alleged in this Complaint.

Class Members with actual damages exceeding the statutory damages may, if they so desire, opt out of this action and litigate their claims independently.

58. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation.  15 U.S.C. §1681n(a)(1)(A).

59. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable attorneys' fees.  15 U.S.C. §1681n(a)(3).

60. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages.  15 U.S.C. §1681n(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

c. An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. §1681n(a)(2)(up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

e. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

f. For other and further relief as the Court may deem proper.

Dated: July 29, 2010                                         Respectfully Submitted,


                                                             Robert B. Calihan, Esquire
                                                             rcalihan@calihanlaw.com

                                                             CALIHAN LAW
                                                             16 W. Main Street
                                                             Rochester, N.Y. 14614
                                                             (p)(585) 232-5291


Of Counsel:

R. Bruce Carlson (to be admitted *pro hac vice*)
Stephanie Goldin (to be admitted *pro hac vice*)
Carlson Lynch Ltd.
231 Melville Lane
P.O. Box 367
Sewickley, PA 151434
P-412.749.1677
F-412.749-1686
www.carlsonlynch.com