**CALIHAN LAW** PLLC

The Powers Building, Suite 761 • 16 West Main Street • Rochester, New York 14614
585 281 2593 • calihanlaw.com

**MEMO ENDORSED**

November 22, 2010



VIA FEDERAL EXPRESS

Honorable Denise Cote
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Reed v. Continental Guest Services</u>

Dear Judge Cote:

    I write regarding a discovery dispute that the parties have tried unsuccessfully to resolve.

    This action involves a claim brought by the plaintiff individually and on behalf of all others similarly situated arising out of the defendant's failure to redact from credit card receipts information required to be redacted by the Fair and Accurate Credit Transaction Act ("FACTA")( 15 U.S.C. § 1681 et seq). The statute provides important consumer protections: Its 2003 enactment was accompanied by a presidential declaration that "with this legislation the Federal Government is protecting our citizens by taking the offensive against identity theft." FACTA violation claims are ideally suited for class adjudication, and courts routinely certify classes for violations such as the ones at issue here. (See Complaint ¶ 28, citing representative FACTA class certification decisions.)

    Nonetheless, plaintiff believes it is appropriate to support its class certification motion in this action, which the Court has directed be made by December 17, 2010, with a factual showing regarding, among other issues, the following: (i) facts demonstrating numerosity; (ii) facts demonstrating that the defendant followed a consistent policy during the relevant time period regarding its credit card slips at the approximately 40 different hotels where defendant apparently provided customers such as plaintiff concierge services; and (iii) facts demonstrating that defendant had ample notice of its obligations under FACTA through receipt, among other things, of the information regarding FACTA compliance that was widely and pervasively distributed by virtually all credit card companies to their customers, such as defendant, during the eight years since FACTA's enactment.

    We understand from discussions with defendant's counsel the documents they are producing in response to plaintiff's document request will demonstrate numerosity. In an effort to obtain facts on the other two points, we sought a limited rule 30(b)(6) deposition. Defendant

Honorable Denise Cote
November 22, 2010
Page -2-

has objected to that deposition arguing that Your Honor directed that there be no depositions prior to plaintiff's December 17 class certification motion. The Court's Oct. 25, 2010 pretrial scheduling order contain no such restriction and while I recall a vigorous discussion of merits vs. class discovery during our recent conference before your Honor, I do not recall a prohibition on depositions narrowly limited to class certification issues.

Following our service of a Rule 30(b)(6) deposition notice in early November, on November 19 we had discussions with defense counsel in an effort to resolve this issue by agreeing to a brief deposition, appropriate document production or limited fact stipulations. We attempted to continue these discussions today. Efforts to resolve this dispute have been unsuccessful. Accordingly, we request that the Court direct the defendant to produce a 30(b)(6) witness for a deposition not to exceed three hours limited to class certification issues on or before Dec. 8, 2010. This timing would provide the minimum time required to use the deposition testimony in plaintiff's December 17 class certification motion.

Thank you for your attention to this matter.

Respectfully submitted,

Robert B. Calihan

cc: Mark A. Berman (Ganfer & Shore, LLP) via e-mail PDF
    Bruce Carlson (Carlson Lynch Ltd.) via e-mail PDF

*To the extent the defendant intends to oppose the class certification motion on a ground other than the adequacy of the class representative and/or her counsel, it must submit to discovery regarding those issues in advance of the class action motion practice.*

Denise Cote
Nov. 23, 2010