# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 10-cv-5642 (DLC) |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| CONTINENTAL GUEST SERVICES CORPORATION, | ) ) ) | Filed Electronically |
| Defendant. | ) ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND PROPOSED PRELIMINARY APPROVAL ORDER (Exhibit A); CLASS NOTICE (Exhibit B); FINAL APPROVAL ORDER (Exhibit C); FINAL JUDGMENT (Exhibit D)

IT IS HEREBY STIPULATED AND AGREED by and between Valene Reed (the "Class Representative"), on behalf of herself and all others similarly situated, on the one hand, and Continental Guest Services Corporation ("CGS"), on the other hand, as set forth below:

### I.    The Conditional Nature of This Stipulation.

This Class Action Settlement Agreement and all associated exhibits or attachments (herein "Settlement Agreement") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the

Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.  By agreeing not to oppose Plaintiff's Motion for Preliminary Approval, CGS is not waiving any defenses that might potentially be available in the event that the proposed settlement is not ultimately consummated.

CGS denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  CGS has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, CGS does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.  The Class Representative and Class Counsel agree that CGS retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that CGS could not contest class certification on any grounds if this Litigation were to proceed.

**II.    The Parties to this Settlement Agreement.**

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of herself and each of the Class Members), with the assistance and approval of Class Counsel; and (ii) CGS, with the assistance of its counsel of record in the Litigation.  The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

**III.   Defendant's Denial of Wrongdoing or Liability.**

CGS and the CGS Releasees deny all of the claims and contentions alleged by the Class Representative in the Litigation.  Nonetheless, CGS has concluded that further conduct of the Litigation might be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this

2

Settlement Agreement. CGS has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation. CGS has therefore determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**IV.    Terms of the Settlement.**

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for herself and the Class Members) and CGS, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Settlement Agreement.

1.    Definitions.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "CGS" means Continental Guest Services Corporation.

1.2    "CGS Releasees" or "The CGS Releasees" means CGS, each of its affiliates (including, but not limited to, any parents and/or subsidiaries), predecessors, successors, divisions, licensees, joint ventures and assigns, and each of those entities' past or present owners, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

1.3    "Class" means the collective group of those individuals defined as follows:

> All persons who received electronically printed receipts from CGS at the point of sale or transaction, in a transaction occurring between June 3, 2008 and [DATE OF PRELIMINARY APPROVAL], and wherein the receipt displayed (1) more than the last five digits of the person's credit card or debit card number, and/or (2) the expiration date of the person's credit card number.

1.4     "Class Counsel" means the law firms of Carlson Lynch LTD and Calihan Law.

1.5     "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

1.6     "Court" means the United States District Court for the Southern District of New York.

1.7     "Effective Date" means the date on which the Judgment becomes Final, unless there are no objections to the settlement, in which case the Effective Date shall be the date on which Judgment is entered.

1.8     "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.9     "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

1.10    The "Litigation" or the "Lawsuit" means the lawsuit entitled VALENE REED, individually and on behalf of all others similarly situated, v. CONTINENTAL GUEST SERVICES CORPORATION, Defendant, United States District Court for the Southern District of New York, Civil Action No. 10-5462.

1.11    "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by the Court substantially in the form attached hereto as Exhibits B1 and B2.

1.12    "Notice Publication Deadline" means the deadline for publication of the Summary Notice fifteen (15) business days after the Preliminary Approval Date.

1.13    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is published to the Class Members.

1.14    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

1.15    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

1.16    "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.17    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

1.18    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within one hundred twenty (120) days from the date of publication of Summary Class Notice.  CGS shall have the right to verify that each claim submitted is valid in that it reflects a purchase within the Class Period by debit or credit card, and to facilitate that process, Participating Claimants will be required to provide the name that appeared on the credit or debit card used to make a purchase from CGS, the type of card used, and the last four digits of the card, as set forth in the Claim Form.   Class Counsel shall be apprised of any claim being challenged by CGS, and the Parties, through their counsel, shall confer, by telephone if possible, in an attempt to resolve any challenged claim.

1.19    "Released Claims" mean, collectively, any and all claims, including Unknown Claims as defined herein, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the CGS Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid

costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including but not limited to the last five digits of the cardholder's account number or the expiration date, upon a receipt provided to the cardholder at the point of sale of the transaction.

        1.20    "Settlement Claim Certification Form" means the form attached to the "Class Notice," in the same or substantially the same manner as set forth in Exhibit B1and B2.

        1.21    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

        1.22    "Settlement Relief Vouchers" means the vouchers described in Part IV, Section 2 of this Agreement.

        1.23    "Settling Parties" means CGS and the Class Representative on behalf of herself and all Members of the Settlement Class.

        1.24    "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that CGS's obligations for payment and distribution of the Settlement Relief Vouchers under this Settlement Agreement are conditioned on, among other things, the occurrence of the Effective Date.

        1.25    "Unknown Claims" means any Released Claims which the Class Representative or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the CGS Releasees.  The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter

6

of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.    The Settlement.

2.1    *Consideration to Settlement Class Members.*

2.1.1    CGS, according to the terms, conditions and procedures set forth in this Settlement Agreement, shall provide to each Participating Claimant a Settlement Relief Voucher good for the following:  1)  a Disney Lion King show poster (retail value $15-$17 dollars;  2) a discount of $10 from any theatre ticket purchased through CGS;  3)  a $3.25 discount from any sightseeing service offered by CGS;  and,  4) a discount of $1.25 from any standard transportation service offered by CGS under $40, and a discount of $3.00 from any standard transportation service offered by CGS over $40.  These various Settlement Relief options are cumulative.  That is, a Settlement Relief Voucher shall entitle a Participating Claimant to any or all of the Settlement Relief options set forth above.

GUARANTEED DISTRIBUTION:  In the event that less than 15,000 Class Members submit claims, CGS will distribute Walt Disney Lion King posters to customers who pay for services with a debit or credit card at its concierge stations until a total of 15,000 posters have

7

been distributed.  Further, irrespective of how many claims are actually submitted, CGS guarantees that it will offer 150,000 discount codes on its website for a period of one year which will entitle users who pay for services with a debit or credit card online to settlement relief options 2-4 set forth above.

   2.1.2    The Settling Parties shall enter into a proposed Consent Decree pursuant to which CGS will agree to continue to abide by the truncation requirements of FACTA, as amended, or as it may be amended in the future.  The Proposed Consent Decree shall be submitted to the Court in advance of the Fairness Hearing.

   2.2  *Court Approval of Notice to the Class; Settlement Hearing.*

   The Class Representative and CGS, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court and shall jointly move for preliminary approval of this Settlement Agreement.  Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness, adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

   2.2.1 If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and CGS, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to final approval of this Settlement Agreement and entry of the Judgment by the Court.

   2.3  *Notice to Class Members.*

   2.3.1 If, by entering the Preliminary Approval Order, the Court provides

authorization to publish the Class Notice to Class Members, CGS, through its counsel of record, will cause the publication of the Class Notice. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1 and B2.

2.3.2   Summary Notice shall be published twice in the weekday edition of the New York Post.

2.3.3   CGS shall be responsible for paying all costs of Class Notice.

2.4   *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

2.4.1   Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s). Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election. The Class Notice will advise Class Members of this option.

2.4.2   Class Members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Settlement Class. Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations. If more than 10 eligible Class Members opt-out of the Settlement, CGS shall have the option of terminating the Settlement Agreement at their sole discretion and if CGS exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

2.4.3   Class Members may also object to the Agreement by filing written objections with the Court no later than the Notice Response Deadline. Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline. The Class Notice shall advise Class Members of this option. Any objections must be

9

in writing and timely submitted or else they are waived.  Class Counsel shall immediately provide any such objections to CGS and subsequently the Court in the final approval process.

2.4.4    Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and CGS shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.  The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and CGS shall have no obligations to make any payments under the Settlement Agreement.

> *Timing of Distribution of Settlement Relief Vouchers to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.4.5    Within thirty (30) days of the deadline for submitting Qualifying Settlement Claim Certification Forms pursuant to Paragraph 1.18, CGS shall provide to each Participating Claimant his or her Settlement Relief Voucher.

2.4.6    Settlement Relief Vouchers issued to Participating Claimants pursuant to this Agreement shall be dated and shall be redeemable for a period of one year beginning on the day after they are distributed.  The Settlement Relief Vouchers shall be fully transferable. Participating Claimants who fail to use their Settlement Relief Voucher in a timely fashion shall, like all Class Members, remain subject to the terms of the Judgment.

2.4.7    Following the mailing of the Settlement Relief Vouchers to Participating Claimants, CGS shall provide counsel with a written confirmation of this mailing.

2.5    *Releases.*

2.5.1    Upon the Effective Date, the Class Representative and each of the

Class Members (and only these persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

        2.6    *Payment of Costs and Attorney Fees to the Class Representatives.*

        2.6.1    Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to recover appropriate costs and attorney fees from CGS pursuant to applicable law. Subject to Court approval, CGS will pay Class Counsel $82,000.00 for attorney fees and allowable Litigation costs and expenses payable within ten (10) business days after the Effective Date. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory. The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Settlement Agreement. CGS agrees to support Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement. If the Effective Date occurs, CGS shall make the payment pursuant to this Paragraph to Class Counsel directly, and Class Counsel shall provide counsel for CGS with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which CGS shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

        2.6.2    Within 10 business days after the Effective Date, and only in the event that the Effective Date occurs, CGS will forward a check payable to Valene Reed, in her personal capacity only and via her counsel of record, in the gross amount of one thousand five

hundred ($1,500.00) United States dollars.  This payment shall be compensation and consideration for Reed's efforts as the Class Representative in the Litigation.

       2.7    *Claims Administration.*

       2.7.1   Class Counsel shall be responsible for administering the settlement as discussed herein.  Class Counsel shall not be separately reimbursed by CGS for any role that they might play in administering the Settlement Agreement, beyond the Counsel Fees discussed in this Agreement.

       2.8    *Termination of Settlement*

       2.8.1   In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, no payments or Settlement Relief Vouchers shall be made or distributed by CGS to anyone in accordance with the terms of this Settlement Agreement, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void *ab initio* with no effect on the Litigation whatsoever.

       2.9    *Miscellaneous Provisions.*

       2.9.1   The only Class Members entitled to any payment of Settlement Relief Vouchers under this Stipulation and the associated Judgment are Participating Claimants.  This Settlement Agreement and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required, other than as expressly indicated in this Agreement.

       2.9.2   Unless otherwise ordered by the Court, in the event the Settlement Agreement shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business days after written notification of such event, CGS and Class Counsel shall notify each other of this event in writing.

       2.9.3   In the event that the Settlement Agreement is not substantially

approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at that time as if no Settlement Agreement had been entered. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

2.9.4    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

2.9.5    The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.9.6    Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the CGS Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the CGS Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.9.7    All of the exhibits to the Settlement Agreement are material and integral

13

parts hereof and are fully incorporated herein by this reference.

   2.9.8 The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

   2.9.9 The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

   2.9.10  Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

   2.9.11  Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

   2.9.12  The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

   2.9.13  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

   2.9.14  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

   2.9.15  The Settlement Agreement and the exhibits hereto shall be considered to

have been negotiated, executed and delivered, and to have been wholly performed, in the State of New York, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to New York's choice of law principles.

        2.9.16 The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.9.17 The Class Representative and Class Counsel shall not cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _February 11_, 2011          By: _Valene Reed_

                                         VALENE REED

                                    Plaintiff and Class Representative

DATED: _____, 2011          By: _____

                                         CONTINENTAL GUEST SERVICES,
                                    CORP.

                                    Defendant

16

2.9.17 The Class Representative and Class Counsel shall not cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2011          By: _____
                                            **VALENE REED**

                                       Plaintiff and Class Representative

DATED: _____, 2011          By: _____
                                            CONTINENTAL QUEST SERVICES,
                                            CORP.
                                            Defendant        2/11/11

DATED: ___2/11___, 2011

By: _____
GANFER & SHORE, LLP, by
MARK A. BERMAN


DATED: _____, 2011



By:_____
ROBERT CALIHAN
R. BRUCE CARLSON

Attorneys for Plaintiff

DATED:_____, 2011

By:_____
GANFER & SHORE, LLP, by
MARK A. BERMAN

DATED: FEB - 11 , 2011

By:_____
ROBERT CALIHAN
R. BRUCE CARLSON

Attorneys for Plaintiff

17

# <u>Exhibit A</u>

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 10-cv-5642 (DLC) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CONTINENTAL GUEST SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING (Exhibit A)

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.     The Class Representative and the CGS Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court preliminarily concludes, solely for the purposes of approving this settlement and for no other purpose and with no other effect on the Litigation, that, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that

joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Valene Reed are typical of the claims of the members of the proposed Class; (d) Class Representative Valene Reed will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

4.      The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.      The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant. The notice will be published consistent with the Settlement Agreement. The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2.      Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by [Preliminary Approval Date + 15 days].

3.      A hearing shall be held before this Court on [DATE, at TIME], at United States Courthouse, 500 Pearl Street, New York, New York 10007, to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b)      At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c)      Class Counsel and counsel for the CGS Releasees should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

4.      In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____       _____
                                                          The Honorable Denise L. Cote
                                                          United States District Judge

# Exhibit B

## EXHIBIT B1

This notice may affect your rights.  Please read carefully.

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

IN RE: REED V. CONTINENTAL GUEST SERVICES CORPORATION,
CASE NO.: 10-CV-5642

---

### SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A settlement has been proposed in a class action lawsuit about the truncation requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA").  All persons who used a credit or debit card and were issued an electronically printed receipt by Continental Guest Services Corporation ("CGS") between June 3, 2008 and [DATE OF PRELIMINARY APPROVAL] **MAY BE ELIGIBLE TO RECEIVE A SETTLEMENT VOUCHER**, as set forth below.  If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the settlement, or object to it.

### WHO'S INCLUDED?

You are a class member and could get benefits if you used a credit or debit card and were issued an electronically printed receipt by CGS between June 3, 2008 and DATE. If you believe you are a member of the class, you may view the Full Notice online at www.carlsonlynch.com, or you can request a copy of the Full Notice by sending a written request to following address: CGS Settlement, PO Box 367, Sewickley, PA 15143. Include your name and current address.  You may also request a Notice and Claim Form by calling Class Counsel at 1-800-467-5241.

### WHAT'S THIS ABOUT?

Valene Reed ("Plaintiff"), on behalf of all members of the class, has asserted that CGS violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA").  Specifically, plaintiff claims that CGS printed the expiration date of its customers' credit or debit cards on receipts presented to them at the point of sale, in violation of FACTA, as specifically set forth in the Complaint on file and available at the Court at 500 Pearl Street, New York, NY 10007. CGS denies any liability or wrongdoing.  **NEITHER PLAINTIFF NOR ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION.**  HOWEVER, FACTA REQUIRES THAT THE EXPIRATION DATE BE DELETED FROM CREDIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

### WHAT DOES THE SETTLEMENT PROVIDE?

Under the terms of the settlement, each class member will be entitled to receive a voucher good for the following: 1)  a Disney Lion King show poster (retail value $15-$17 dollars);

2) a discount of $10 from any theatre ticket purchased through CGS;  3)  a $3.25 discount from any sightseeing service offered by CGS; and,  4) a discount of $1.25 from any standard transportation service offered by CGS under $40, and a discount of $3.00 from any standard transportation service offered by CGS over $40.  These various options are cumulative; that is, you may be entitled to any or all of the options set forth above.  The Settlement also imposes certain other requirements and restrictions, which are set forth in detail in the Settlement Agreement.  A Full Notice describing the Settlement in more detail is available at the website above.

### HOW DO YOU ASK FOR A VOUCHER?

If you would like to participate in the settlement and receive one of the Settlement Vouchers described above, you can simply complete the short form attached to this Summary Notice and mail it to CGS Settlement, PO Box 367, Sewickley, PA   15143 postmarked by **[120 days after publication notice]**.

### WHAT ARE YOUR OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself by **[45 days after publication notice]**, or you won't be able to sue, or continue to sue, CGS about the legal claims in this case.  If you exclude yourself, you can't get a Settlement Voucher from this settlement.  If you stay in the settlement, you may object to it by **[45 days after publication notice]**.  The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the Settlement, to exclude themselves from the Settlement, or to object.

The Court will hold a hearing in this case (REED V. CONTINENTAL GUEST SERVICES CORPORATION, CASE NO.: 10-CV-5642) on **[90 days after preliminary approval]**, to consider whether to approve the settlement and a request by the lawyers representing all Class Members (Carlson Lynch LTD and Calihan Law) for attorneys' fees and costs. You may ask to appear at the hearing, but you don't have to.

If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson, Carlson Lynch Ltd, PO Box 367, Sewickley, PA   15143. Alternatively, you may call the offices of the firm at its toll free number 1-800-467-5241.

This notice is not to be construed as an expression of any opinion by the District Court with respect to the merits of the respective claims or defenses of the parties.

/s/The Honorable Denise L. Cote
United States District Court Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS.   BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

**CONTINENTAL GUEST SERVICES**
**CORPORATION SETTLEMENT CLAIM FORM**

**Mail to:  CGS Settlement,** PO Box 367, Sewickley, PA
15143

**Name:** _____

**Address:** _____

**Phone:** _____

**E-mail:** _____

**Approximate Date Of Visit**
**During The Relevant  Period:** _____

**Name That Appeared On Card, Type of Card, and**
**Last 4 digits of card number**
**used:** _____

**ALL  CLAIM  FORMS  MUST  BE  POSTMARKED**
**BY:  [120 days after publication notice]**

**EXHIBIT B2**

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

**REED V. CONTINENTAL GUEST SERVICES CORPORATION,**
**CASE NO.: 10-CV-5642**

**NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT**

- All persons who received electronically printed receipts from Continental Guest Services Corporation ("CGS") at the point of sale or transaction, in a transaction occurring between June 3, 2008 and [DATE OF PRELIMINARY APPROVAL] may be eligible to receive a Settlement Voucher.

- The settlement resolves a lawsuit over whether CGS violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). It avoids costs and risks to you from continuing the lawsuit; entitles consumers like you to Settlement Vouchers; and releases CGS from any liability.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Voucher. |
| **EXCLUDE YOURSELF** | Get no Settlement Voucher. This is the only option that allows you to ever be part of any other lawsuit against CGS about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Vouchers will be distributed if the Court approves the settlement and after any appeals are resolved. Please be patient.

**1.      What is this lawsuit about?**

Valene Reed ("Plaintiff"), on behalf of all members of the class, has asserted that CGS violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, plaintiff claims that CGS printed the expiration date of its customers' credit or debit cards on receipts presented to them at the store, in violation of FACTA, as amended, as specifically set forth in the Complaint on file and available at the Court at 500 Pearl Street, New York, NY 10007.  CGS denies any liability or wrongdoing.  **NEITHER PLAINTIFF NOR ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION.**  HOWEVER, FACTA REQUIRES THAT THE EXPIRATION DATE BE DELETED FROM CREDIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

**2.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Valene Reed), sue on behalf of people who have similar claims.  All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Judge Denise L. Cote is in charge of this class action.

**3.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant.  The Plaintiff thinks she could have prevailed at a trial.  The Defendant thinks the Plaintiff would not have prevailed at trial.  But there was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected get compensation.  The Class Representative and the attorneys think the settlement is best for all Class Members.

**4.      How do I know if I am part of the settlement?**

Judge Cote decided that everyone who fits this description is a Class Member:
*All persons who received electronically printed receipts from CGS at the point of sale or transaction, in a transaction occurring between June 3, 2008, and [DATE OF PRELIMINARY APPROVAL] wherein the receipt displayed (1)  more than the last five digits of the person's credit card or debit card number, and/or (2) the expiration  date of the person's credit card number.*

**5.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-467-5241.  Or you can fill out and return the claim form to see if you qualify.

**6.      What does the settlement provide?**

Class members who send in a valid claim form will be entitled to receive a Settlement Voucher good for the following: 1) a Disney Lion King show poster (retail value $15-$17 dollars); 2) a discount of $10 from any theatre ticket purchased through CGS; 3) a $3.25 discount from any sightseeing service offered by CGS; and, 4) a discount of $1.25 from any standard transportation service offered by CGS under $40, and a discount of $3.00 from any standard transportation service offered by CGS over $40. These various options are cumulative; that is, you may be entitled to any or all of the options set forth above. The Settlement also imposes certain other requirements and restrictions, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement requires that the Parties to the Litigation shall enter a Consent Decree pursuant to which CGS will agree to continue to abide by the truncation requirements of FACTA.

**7.     How can I get a Settlement Voucher?**

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Proof of Claim" form that accompanies this Notice and return it to the following address: CGS Settlement, PO Box 367, Sewickley, PA 15143. The "Proof of Claim" must be postmarked by **[Publication Date + 120 days]**. Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this case.

**8.     When would I get my Settlement Voucher?**

The Court will hold a hearing on **[preliminary approval + 90 days]**, to decide whether to approve the settlement. If Judge Cote approves the settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**9.     What am I giving up to get a Settlement Voucher or stay in the Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against CGS about the legal issues in *this case*. It also means that all of the Court's orders will apply to you and legally bind you.

**10.    Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed. You must mail your exclusion request postmarked no later than **[publication date + 45 days]** to:

CGS Exclusions
P.O. Box 367

Sewickley, PA  15143

If you ask to be excluded, you will not get a Settlement Voucher, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) CGS in the future.

**11.     If I don't exclude myself, can I sue CGS for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue CGS for the claims that this settlement resolves. If you have a pending lawsuit, involving the claims that this settlement resolves, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against CGS.

**12.     If I exclude myself, can I get a Settlement Voucher from this Settlement?**

No. If you exclude yourself, do not send in a claim form to ask for a Settlement Voucher.

**13.     Do I have a lawyer in this case?**

The Court asked the law firms of Carlson Lynch LTD and Calihan Law to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.     How will these lawyers be paid?**

Class counsel will ask the Court to approve payment of attorneys' fees and expenses of $82,000.00. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, class counsel will ask for payment of $1,500.00 to Valene Reed for her services as Class Representative. CGS will separately pay the fees, expenses, and payments that the Court awards up to those amounts. CGS has agreed not to oppose these fees and expenses. CGS will also pay the costs to administer the settlement.

**15.     How can I object to the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to *Reed v. Continental Guest Services Corporation*, Case No. 10-cv-5642. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than **[publication date + 45 days]**:

R. Bruce Carlson, Esq.
Carlson Lynch Ltd.
PO Box 367
Sewickley, PA  15143


Mark A. Berman, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

**16.**     **What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**17.**     **When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a hearing to decide whether to approve the settlement.  The Fairness Hearing will be held on **[preliminary approval + 90 days]** at the Court, 500 Pearl Street, New York, NY 10007.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections or requests to be heard, the Court may consider them at the hearing.  The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

**18.**     **Do I have to come to the Hearing?**

No. Class Counsel will answer questions Judge Cote may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**19.**     **May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Reed v. Continental Guest Services Corporation.*"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **[publication date + 45 days]**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses in question 15.  You cannot speak at the hearing if you excluded yourself.

**20.      What happens if I do nothing at all?**

If you do nothing, you will not get a Settlement Voucher from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against CGS about the legal issues in this case, ever again.

**21.      How do I get more information?**

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 500 Pearl Street, New York, NY 10007. If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson, Carlson Lynch Ltd., PO Box 367, Sewickley, PA 15143. Alternatively, you may call the offices of the firm at its toll free number [1-800-467-5241].

# Exhibit C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 10-cv-5642 (DLC) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CONTINENTAL GUEST SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (EXHIBIT C)

Having considered the Class Action Settlement Agreement and all other materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement was entered by all parties in good faith, and the Settlement Agreement is approved.  The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Settlement Agreement. Continental Guest Services Corporation shall disseminate class relief to the Participating Claimants, Class Representative and Class Counsel as provided for in the Settlement Agreement.


DATED: _____       _____

The Honorable Denise L. Cote
United States District Court Judge

# **<u>Exhibit D</u>**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 10-cv-5642 (DLC) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CONTINENTAL GUEST SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] FINAL JUDGMENT (Exhibit D)

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Continental Guest Services Corporation.

3. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the

Settlement, constituted the best notice practicable under the circumstances to all Persons within

the definition of the Class and fully met the requirements of due process under the United States

Constitution. Based on evidence and other material submitted in conjunction with the Settlement

Hearing, the notice to the class was adequate.

4.      The Court finds in favor of settlement approval.

5.      The Court approves the settlement of the above-captioned action, as set

forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable

and adequate as to the Settling Parties. The Settling Parties are directed to perform in

accordance with the terms set forth in the Settlement Agreement.

6.      Except as to any individual claim of those persons (identified in

Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the

Released Claims are dismissed with prejudice as to the Class Representative and the other

Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs,

except as otherwise provided in the Settlement Agreement.

7.      Solely for purposes of effectuating this settlement, this Court has certified

a class of all Members of the Settlement Class, as that term is defined in and by the terms of the

Settlement Agreement.

8.      With respect to the Rule 23 Class and for purposes of approving this

settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are

ascertainable and so numerous that joinder of all members is impracticable; (b) there are

questions of law or fact common to the Rule 23 Class, and there is a well-defined community of

interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation;

(c) the claims of Class Representative Valene Reed are typical of the claims of the Members of

the Rule 23 Class; (d) the Class Representative and Class Counsel have fairly and adequately

protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other

available methods for an efficient adjudication of this controversy and common issues

predominate over individual issues; and (f) the counsel of record for the Class Representative,

i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9.      By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims), including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the CGS Releasees and each of their affiliates, predecessors, successors, divisions, joint ventures and assigns, and each of those entities' past or present owners, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, that accrued at any time between June 3, 2008 and [PRELIMINARY APPROVAL DATE] for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including but not limited to the last five digits of the cardholder's account number or the expiration date, upon a receipt provided to the cardholder at the point of sale of the transaction. This matter is hereby dismissed with prejudice.

10.      Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the CGS Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the CGS Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The CGS Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in

any other action in any court, administrative agency or other tribunal that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

           11.    The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

           12.    Continental Guest Services Corporation has agreed to pay Class Counsel their reasonable attorneys' fees in the amount of $82,000  as well as a Plaintiff's incentive payment of $1,500 and certain allowable costs in this matter.  The Court finds that these agreements are fair and reasonable.  Continental Guest Services Corporation is directed to make such payments in accordance with the terms of the Settlement Agreement.

           13.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Continental Guest Services Corporation for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

           14.    This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.

DATED: _____      _____
                                                The Honorable Denise L. Cote
                                                United States District Court Judge