## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALENE REED, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 10-cv-5642 (DLC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CONTINENTAL GUEST SERVICES CORPORATION, | ) ) ) | Filed Electronically |
| Defendant. | ) ) ) | |

### CLASS ACTION SETTLEMENT AGREEMENT AND PROPOSED PRELIMINARY APPROVAL ORDER (Exhibit A); CLASS NOTICE (Exhibit B); FINAL APPROVAL ORDER (Exhibit C); FINAL JUDGMENT (Exhibit D)

IT IS HEREBY STIPULATED AND AGREED by and between Valene Reed (the "Class Representative"), on behalf of herself and all others similarly situated, on the one hand, and Continental Guest Services Corporation ("CGS"), on the other hand, as set forth below:

**I.      The Conditional Nature of This Stipulation.**

This Class Action Settlement Agreement and all associated exhibits or attachments (herein "Settlement Agreement") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the

Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.  By agreeing not to oppose Plaintiff's Motion for Preliminary Approval, CGS is not waiving any defenses that might potentially be available in the event that the proposed settlement is not ultimately consummated.

CGS denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  CGS has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, CGS does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.  The Class Representative and Class Counsel agree that CGS retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that CGS could not contest class certification on any grounds if this Litigation were to proceed.

## II.     The Parties to this Settlement Agreement.

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of herself and each of the Class Members), with the assistance and approval of Class Counsel; and (ii) CGS, with the assistance of its counsel of record in the Litigation.  The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

## III.    Defendant's Denial of Wrongdoing or Liability.

CGS and the CGS Releasees deny all of the claims and contentions alleged by the Class Representative in the Litigation.  Nonetheless, CGS has concluded that further conduct of the Litigation might be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this

Settlement Agreement.  CGS has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation.  CGS has therefore determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**IV.    Terms of the Settlement.**

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for herself and the Class Members) and CGS, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Settlement Agreement.

1.    <u>Definitions.</u>

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "CGS" means Continental Guest Services Corporation.

1.2    "CGS Releasees" or "The CGS Releasees" means CGS, each of its affiliates (including, but not limited to, any parents and/or subsidiaries), predecessors, successors, divisions, licensees, joint ventures and assigns, and each of those entities' past or present owners, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

1.3    "Class" means the collective group of those individuals defined as follows:

> All persons who received electronically printed receipts from CGS at the point of sale or transaction, in a transaction occurring between June 3, 2008 and [DATE OF PRELIMINARY APPROVAL], and wherein the receipt displayed (1) more than the last five digits of the person's credit card or debit card number, and/or (2) the expiration date of the person's credit card number.

1.4     "Class Counsel" means the law firms of Carlson Lynch LTD and Calihan Law.

1.5     "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

1.6     "Court" means the United States District Court for the Southern District of New York.

1.7     "Effective Date" means the date on which the Judgment becomes Final, unless there are no objections to the settlement, in which case the Effective Date shall be the date on which Judgment is entered.

1.8     "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.9     "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

1.10    The "Litigation" or the "Lawsuit" means the lawsuit entitled VALENE REED, individually and on behalf of all others similarly situated, v. CONTINENTAL GUEST SERVICES CORPORATION, Defendant, United States District Court for the Southern District of New York, Civil Action No. 10-5462.

1.11    "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by the Court substantially in the form attached hereto as Exhibits B1 and B2.

1.12    "Notice Publication Deadline" means the deadline for publication of the Summary Notice fifteen (15) business days after the Preliminary Approval Date.

1.13    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is published to the Class Members.

1.14    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

1.15    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

1.16    "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.17    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

1.18    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within one hundred twenty (120) days from the date of publication of Summary Class Notice.  CGS shall have the right to verify that each claim submitted is valid in that it reflects a purchase within the Class Period by debit or credit card, and to facilitate that process, Participating Claimants will be required to provide the name that appeared on the credit or debit card used to make a purchase from CGS, the type of card used, and the last four digits of the card, as set forth in the Claim Form.   Class Counsel shall be apprised of any claim being challenged by CGS, and the Parties, through their counsel, shall confer, by telephone if possible, in an attempt to resolve any challenged claim.

1.19    "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the CGS Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including those that are unknown or not suspected to exist in his, her or its favor at the time of the entry of

the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the CGS Releasees, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including but not limited to the last five digits of the cardholder's account number or the expiration date, upon a receipt provided to the cardholder at the point of sale of the transaction. The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.20    "Settlement Claim Certification Form" means the form attached to the "Class Notice," in the same or substantially the same manner as set forth in Exhibit B1and B2.

1.21    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

1.22    "Settlement Relief Vouchers" means the vouchers described in Part IV, Section 2 of this Agreement.

1.23    "Settling Parties" means CGS and the Class Representative on behalf of herself and all Members of the Settlement Class.

1.24    "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that CGS's obligations for payment and distribution of the Settlement Relief Vouchers under this Settlement Agreement are conditioned on, among other things, the occurrence of the Effective Date.

2.    <u>The Settlement.</u>

2.1    *Consideration to Settlement Class Members.*

2.1.1    CGS, according to the terms, conditions and procedures set forth in this Settlement Agreement, shall provide to each Participating Claimant a Settlement Relief Voucher good for the following:  1)  a Disney Lion King show poster (retail value $15-$17 dollars;  2) a discount of $10 from any theatre ticket purchased through CGS;  3)  a $3.25 discount from any sightseeing service offered by CGS;  and,  4) a discount of $1.25 from any standard transportation service offered by CGS under $40, and a discount of $3.00 from any standard transportation service offered by CGS over $40.  These various Settlement Relief options are cumulative.  That is, a Settlement Relief Voucher shall entitle a Participating Claimant to any or all of the Settlement Relief options set forth above.

<u>GUARANTEED DISTRIBUTION:</u>  In the event that less than 15,000 Class Members submit claims, CGS will distribute Walt Disney Lion King posters to customers who pay for services with a debit or credit card at its concierge stations until a total of 15,000 posters have been distributed.  Further, irrespective of how many claims are actually submitted, CGS guarantees that it will offer 150,000 discount codes on its website for a period of one year which

will entitle users who pay for services with a debit or credit card online to settlement relief options 2-4 set forth above.

2.1.2          The Settling Parties shall enter into a proposed Consent Decree pursuant to which CGS will agree to continue to abide by the truncation requirements of FACTA, as amended, or as it may be amended in the future.  The Proposed Consent Decree shall be submitted to the Court in advance of the Fairness Hearing.

2.2     *Court Approval of Notice to the Class; Settlement Hearing.*

The Class Representative and CGS, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court and shall jointly move for preliminary approval of this Settlement Agreement.  Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness, adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

2.2.1    If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and CGS, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to final approval of this Settlement Agreement and entry of the Judgment by the Court.

2.3     *Notice to Class Members.*

2.3.1    If, by entering the Preliminary Approval Order, the Court provides

authorization to publish the Class Notice to Class Members, CGS, through its counsel of record, will cause the publication of the Class Notice.  A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1 and B2.

       2.3.2    Summary Notice shall be published once in the national edition of the USA Today at a size of 3 columns wide by 6.5" long and once in the International Herald Tribune at a size of 2 columns wide by 6" long.

       2.3.3    CGS shall be responsible for paying all costs of Class Notice.

       2.4    *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

       2.4.1    Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

       2.4.2    Class Members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Settlement Class.  Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.  If more than 10 eligible Class Members opt-out of the Settlement, CGS shall have the option of terminating the Settlement Agreement at their sole discretion and if CGS exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

       2.4.3    Class Members may also object to the Agreement by filing written objections with the Court no later than the Notice Response Deadline.  Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response

Deadline.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.  Class Counsel shall immediately provide any such objections to CGS and subsequently the Court in the final approval process.

2.4.4    Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and CGS shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.  The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and CGS shall have no obligations to make any payments under the Settlement Agreement.

*Timing of Distribution of Settlement Relief Vouchers to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.4.5    Within thirty (30) days of the deadline for submitting Qualifying Settlement Claim Certification Forms pursuant to Paragraph 1.18, CGS shall provide to each Participating Claimant his or her Settlement Relief Voucher.

2.4.6    Settlement Relief Vouchers issued to Participating Claimants pursuant to this Agreement shall be dated and shall be redeemable for a period of one year beginning on the day after they are distributed.  The Settlement Relief Vouchers shall be fully transferable.  Participating Claimants who fail to use their Settlement Relief Voucher in a timely fashion shall, like all Class Members, remain subject to the terms of the Judgment.

2.4.7    Following the mailing of the Settlement Relief Vouchers to Participating Claimants, CGS shall provide counsel with a written confirmation of this mailing.

2.5 *Releases*.

2.5.1   Upon the Effective Date, the Class Representative and each of the Class Members (and only these persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

2.6 *Payment of Costs and Attorney Fees to the Class Representatives*.

2.6.1   Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to recover appropriate costs and attorney fees from CGS pursuant to applicable law.  Subject to Court approval, CGS will pay Class Counsel not more than $74,000.00 for attorney fees and allowable Litigation costs and expenses payable within ten (10) business days after the Effective Date.  Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory.  The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Settlement Agreement.  CGS agrees to support Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement.  If the Effective Date occurs, CGS shall make the payment pursuant to this Paragraph to Class Counsel directly, and Class Counsel shall provide counsel for CGS with the pertinent taxpayer identification number and a Form W-9 for reporting purposes.  Other than any reporting of this fee payment as required by this Settlement Agreement or law, which CGS shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

2.6.2   Within 10 business days after the Effective Date, and only in the

event that the Effective Date occurs, CGS will forward a check payable to Valene Reed, in her personal capacity only and via her counsel of record, in the gross amount of one thousand five hundred ($1,500.00) United States dollars.  This payment shall be compensation and consideration for Reed's efforts as the Class Representative in the Litigation.

2.7     *Claims Administration.*

2.7.1    Class Counsel shall be responsible for administering the settlement as discussed herein.  Class Counsel shall not be separately reimbursed by CGS for any role that they might play in administering the Settlement Agreement, beyond the Counsel Fees discussed in this Agreement.

2.8     *Termination of Settlement*

2.8.1    In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, no payments or Settlement Relief Vouchers shall be made or distributed by CGS to anyone in accordance with the terms of this Settlement Agreement, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void *ab initio* with no effect on the Litigation whatsoever.

2.9     *Miscellaneous Provisions.*

2.9.1    The only Class Members entitled to any payment of Settlement Relief Vouchers under this Stipulation and the associated Judgment are Participating Claimants.  This Settlement Agreement and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required, other than as expressly indicated in this Agreement.

2.9.2    Unless otherwise ordered by the Court, in the event the Settlement Agreement shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20)

business days after written notification of such event, CGS and Class Counsel shall notify each other of this event in writing.

2.9.3   In the event that the Settlement Agreement is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at that time as if no Settlement Agreement had been entered.  In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

2.9.4   The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

2.9.5   The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.9.6   Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the CGS Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the CGS

13

Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.9.7    All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

2.9.8    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.9.9    The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.9.10   Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

2.9.11   Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.9.12   The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

2.9.13   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

2.9.14   The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

2.9.15  The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of New York, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to New York's choice of law principles.

2.9.16  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement.  The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement.  In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.9.17  The Class Representative and Class Counsel shall not cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.


DATED: _____, 2011          By:_____
                                          VALENE REED

                                       Plaintiff and Class Representative


DATED: _____, 2011          By: _____
                                          CONTINENTAL GUEST SERVICES,
                                          CORP.

                                       Defendant


DATED:_____, 2011          By:_____
                                          GANFER & SHORE, LLP, by
                                          MARK A. BERMAN


DATED: _____, 2011          By:_____
                                          ROBERT CALIHAN
                                          R. BRUCE CARLSON

                                       Attorneys for Plaintiff