UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENE REED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL GUEST SERVICES CORPORATION,<br><br>Defendant. | Civil Action No. 10-cv-5642 (DLC) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2011

**FINAL JUDGMENT**

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Continental Guest Services Corporation.

3. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the

Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in this Judgment.

6. All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in this Judgment.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

8. With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Valene Reed are typical of the claims of the Members of the Rule 23 Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (e) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9. By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all

Released Claims (including Unknown Claims ), as defined at Paragraph 1.19 of the Settlement Agreement, which is reproduced here in its entirety:

> "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the CGS Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including those that are unknown or not suspected to exist in his, her or its favor at the time of the entry of Judgment, and which, if known by him, her or it might have effected his, her or its settlement with and release of the CGS Releasees, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including but not limited to the last five digits of the cardholder's account number or the expiration date, upon a receipt provided to the cardholder at the point of sale of the transaction. The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

10. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the CGS Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the CGS Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The

CGS Releases may file the Settlement Agreement and/or the Judgment from this Litigation in any other action in any court, administrative agency or other tribunal that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Continental Guest Services Corporation shall pay Class Counsel their reasonable attorneys' fees and expenses in the amount of $74,000. Continental Guest Services Corporation is directed to make such payments in accordance with the terms of the Settlement Agreement.

12. The Court reserves continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Continental Guest Services Corporation for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

13. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _November 21, 2011_         _____
                                    The Honorable Denise Cote
                                    United States District Court Judge